JOHN L. BURRIS, Esq., SBN 69888
DEWITT M. LACY Esq, SBN 258789
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Center
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200 Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com

Attorneys for Plaintiff

FILED
JUL 15 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND
ADR

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

JCS

A.C., a minor, by and through his Guardian Ad Litem, MARK CALHOUN,

Plaintiff,

v.

CITY OF SANTA CLARA, a municipal corporation; MICHAEL SELLERS, Chief of Police for the CITY OF SANTA CLARA, in his official capacity and DOES 1-50, inclusive,

Defendants.

Case No.: C13-3276

COMPLAINT FOR DAMAGES
(42 U.S.C §§ 1983, 1988; and pendent tort claims)

JURY TRIAL DEMANDED

## INTRODUCTION

1. This cause of action arose after unknown Police Officers employed by the CITY OF SANTA CLARA Police Department used unwarranted and excessive force against Plaintiff A.C.—an at-risk 16-year-old child—by shooting him in the head with a rubber bullet and subsequently ordering a K9 officer to attack him while he was unconscious. As a result, of the actions of these unnamed CITY OF SANTA CLARA Police Officers', Plaintiff A.C. sustained a an injury to his head that required emergency brain surgery and now suffers from permanent brain injury.

## JURISDICTION

2. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City of Santa Clara, Santa Clara County, which is within this judicial district.

## PARTIES

3. Minor Plaintiff A.C., at all times herein mentioned is a United States citizen. His Guardian Ad Litem, MARK CALHOUN, a competent adult and United States Citizen, is representing him in this action.

4. Defendant CITY OF SANTA CLARA (hereinafter "CITY") is, at all times herein mentioned, a municipal entity duly organized and existing under the laws of the State of California. Under its supervision, the CITY operates the Santa Clara Police Department.

5. Defendant MICHAEL SELLERS (hereinafter "CHIEF") is, at all times herein mentioned, a natural person and the Chief of Police for the CITY OF SANTA CLARA.

6. Plaintiff is ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their intentional conduct, negligence, breach of duty, negligent supervision, management or control, violation of public policy, false arrests and/or unlawful use of force. Each DOE defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint subject to further discovery.

7. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment.

8. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

9. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

10. For State causes of action related to Federal claims, Plaintiff is required to comply with an administrative claim requirement under California law. Plaintiff has complied with all applicable requirements.

## FACTS

11. In the early morning hours of July 8, 2012, Plaintiff A.C. arrived at the fire station on Homestead Road and Kielly Blvd, in Santa Clara, California.

12. On the evening of July 7, 2012, Plaintiff A.C., then age 16, attended a party at 840 Las Palmas Drive in Santa Clara, California. Unknown Defendant CITY OF SANTA CLARA Police Officers were dispatched to the party. The Unknown Defendant CITY OF SANTA CLARA Police Officers arrived at the party and saw minors consuming alcohol. The Unknown Defendant CITY OF SANTA CLARA Police Officers left the intoxicated minors at the party.

13. The Unknown Defendant CITY OF SANTA CLARA Police Officers returned to the party two more times and on the third trip they told the minors that if they did not intend to spend the night that they must leave the party.

14. Plaintiff A.C. left the party at the command of the Unknown Defendant CITY OF SANTA CLARA Police Officers. Plaintiff A.C. wandered around Santa Clara intoxicated, lost, frightened and confused. Plaintiff A.C. cut his hand during his confusion.

15. Sometime during the early morning hours of July 8, 2012, Plaintiff A.C. arrived at a fire station at Homestead Road and Kielly Blvd. looking for help for his injuries. There was no answer at the fire station door. Plaintiff A.C. was scared and called 911 and told the dispatcher that someone was trying to kill themselves.

16. Unknown Defendant CITY OF SANTA CLARA Police Officers arrived on the scene. Plaintiff A.C.was confused and frightened and put a 2 ½ inch pocket knife to his throat when confronted by the police. Plaintiff A.C. kept the knife to his throat and told the Unknown Defendant CITY OF SANTA CLARA Police Officer's that he was going to get into a lot of trouble.

17. At this point there were approximately fourteen (14) armed Unknown Defendant CITY OF SANTA CLARA Police Officers and a K9 on the scene. Some of the Unknown CITY OF SANTA CLARA Police Officers were using riot shields and others were hiding behind their car doors, despite the fact that the teenage Plaintiff was obviously in need of help.

18. The Unknown Defendant CITY OF SANTA CLARA Police Officers shot Plaintiff A.C. with a rubber bullet round from a shotgun. Plaintiff A.C. was still approximately 21 feet away from the Unknown Defendant CITY OF SANTA CLARA Police Officers when they opened fire on him. Plaintiff A.C. doubled over in pain when the rubber bullet round hit him in his thigh.

19. The Unknown Defendant CITY OF SANTA CLARA Police Officers fired a second rubber bullet round at Plaintiff A.C. Plaintiff A.C. was hit in the left side of his skull with a rubber bullet which rendered him unconscious and severely injured. The Unknown Defendant CITY OF SANTA CLARA Police Officers then released the K9 on the unconscious Plaintiff A.C. The K9 bit and scratched the unconscious Plaintiff A.C. on his back and shoulders.

20. While he was still unconscious, Plaintiff A.C. was transported to Santa Clara Valley Medical Center. Plaintiff A.C. required immediate, emergency brain surgery to relieve the bleeding and pressure on his brain caused by a skull fracture. Plaintiff A.C. remained unconscious and on a ventilator for 5 days before regaining consciousness. In order to relieve the pressure on his brain, a portion of Plaintiff A.C's skull was left open. The extent and future impact of Plaintiff's permanent brain injury is yet unknown.

21. The unknown Defendant CITY OF SANTA CLARA Police Officers ordered Plaintiff A.C., an intoxicated minor, to leave his location without upholding their duty of care to take measures to protect the at-risk youth's health and safety and/or contact his parents. As a direct result of Unknown Defendant CITY OF SANTA CLARA Police Officers' actions, Plaintiff A.C., was forced to wander around a city that he was not familiar with in a confused and frightened state. Plaintiff A.C. was placed into a dangerous situation by Unknown Defendant CITY OF SANTA CLARA Police Officers that directly resulted in profound and permanent injuries. Plaintiff A.C. was scared and seeking help when he was overcome by the unjustified excessive force and overreaction of Unknown Defendant CITY OF SANTA CLARA Police Officers, who sent 14 Officers to subdue one small, scared teenage boy, using rubber bullets and a vicious animal. The actions of the Unknown Defendant CITY OF SANTA CLARA Police Officers, described herein, were brutal, malicious, and done without just provocation or cause, proximately causing Plaintiff's injuries and resulting damages.

**DAMAGES**

22. As a consequence of Defendants' violation of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourteenth Amendment, Plaintiff A.C. was physically, mentally, emotionally and financially injured and damaged as a proximate result of Defendant's actions.

23. The conduct of the Unknown Defendant Officers was malicious, wanton and oppressive. Plaintiff is therefore entitled to an award of punitive damages against these Defendants.

24. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. §§ 1983, 1985-86 and 1988.

**FIRST CAUSE OF ACTION**

**(Violation of Plaintiff's civil rights - 42 U.S.C. § 1983)**

(Plaintiff Against Defendant DOES 1 - 25)

25. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 24 of this complaint.

26. The foregoing claim for relief arose when Defendant Officers shot Plaintiff with rubber bullets and ordered a K9 to attack him while he was unconscious despite the fact that Plaintiff posed no risk to Officers.

27. Defendants acted under color of law by unreasonably using excessive force, subjecting Plaintiff to infringement of certain constitutionally protected rights as are substantively guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**

**(*Monell* – 42 U.S.C. section 1983)**

(Plaintiff Against CITY, CHIEF and DOES 26-50)

28. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 27 of this Complaint.

29. Plaintiffs are informed and believe and thereon allege that high-ranking CITY OF SANTA CLARA officials, including high-ranking police supervisors such as Defendant Chief of Police MICHAEL SELLERS, DOES 26 through 50, and/or each of them, knew and/or reasonably should have known about repeated acts of misconduct by DOES 1-25, and/or each of them.

30. Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendants Chief of Police MICHAEL SELLERS, DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said police officers.

31. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants DOES 1-25 and/or each of them, encouraged these officers to continue their course of misconduct and caused these officers' lack of training, resulting in the violation of the Plaintiffs' rights as alleged herein.

32. Plaintiff further alleges that Defendant DOES 26-50, and/or each of them, were on notice of the Constitutional defects in their training of CITY OF SANTA CLARA police officers, including, but not limited to unlawful arrests and detentions not based on probable cause.

33. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking CITY OF SANTA CLARA officials, including high ranking CITY OF SANTA CLARA Police Department supervisors, Defendant Chief of Police MICHAEL SELLERS and DOES 26-50, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to the right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution, the right to not be deprived of life, liberty or property without due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution and the right to be free from excessive force by police officers, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**

**(Negligence)**

(Plaintiff Against Defendants DOES 1-25)

34. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 of this complaint.

35. Defendants above-described conduct demonstrated a failure to perform the duty of care required by law enforcement officers when Defendants witnessed intoxicated minors, including Plaintiff, and ordered them to disburse without regard for their health

and safety.

36. Defendants breached their duty to ensure the safety of the intoxicated minors, including Plaintiff, when they ordered the minors to disburse in the middle of the night.

37. As a direct result of Defendants' actions and orders, Plaintiff became lost and disoriented, resulting in the encounter with Defendant Officers, during which Plaintiff suffered a severe brain injury.

38. Plaintiff's injuries required emergency brain surgery and resulted in permanent injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress)**

(Plaintiff Against Defendant DOES 1-25)

39. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 of this Complaint.

40. Defendants' above-described conduct was extreme, unreasonable and outrageous.

41. In engaging in the above-described conduct, defendants intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiff would suffer extreme emotional distress as a result.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**

**(Assault and Battery)**

(Plaintiff Against Defendant DOES 1-25)

42. Plaintiff re-alleges and incorporate by reference paragraphs 1-41 of this Complaint.

43. Defendants maliciously, intentionally and unnecessarily shot Plaintiff with rubber bullets and ordered the K9 to attack him while he was unconscious which caused Plaintiff to suffer a traumatic brain injury requiring emergency brain surgery, and to suffer

cuts and lacerations to his back and shoulders.

44. Defendants' above described conduct constituted assault and battery.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth

**JURY DEMAND**

45. Plaintiff hereby demands a jury trial in this action.

**PRAYER**

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum to be determined according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendant DOES 1 through 50 and/or each of them;

4. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

5. For cost of suit herein incurred;

**LAW OFFICES OF JOHN L. BURRIS**

Dated: July 15, 2013

John L. Burris, Esq.