UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.C., a minor, by and through his Guardian Ad Litem, MARK CALHOUN,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SANTA CLARA, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-13-3276 EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>**(Docket No. 28)** |

## I. INTRODUCTION

Before the Court is Plaintiff A.C.'s motion for leave to file an amended complaint (the "Motion"). The proposed amended complaint would substitute six officers from the Santa Clara Police Department for Does 1 through 6. It would also allege an additional cause of action against the six officers that was not previously alleged against the Doe Defendants for violation of civil rights under California Civil Code § 52.1. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion without prejudice to raising claims or defenses concerning the statute of limitations and relation-back.

## II. FACTUAL & PROCEDURAL BACKGROUND

Plaintiff filed his complaint on July 15, 2013. Plaintiff's Complaint For Damages ("Compl."). Plaintiff is a minor represented by his guardian Mark Calhoun. *Id*. ¶ 3. The complaint named as defendants the City of Santa Clara, Michael Sellers the Chief of Police for the City of

Santa Clara, and Does 1 through 50 (collectively, "Defendants"). *Id*. ¶¶ 4, 5, 6. Plaintiff alleges that Defendants violated his civil rights through use of excessive force. *See id.* ¶ 1.

Early in the morning on July 8, 2012, after leaving a party in Santa Clara intoxicated, Plaintiff called 911 and claimed someone was trying to kill himself. *Id.* ¶¶ 12, 14, 15. In response, Santa Clara police officers arrived on the scene. *Id*. ¶ 16. When the officers confronted Plaintiff, he placed a knife to his throat. *Id*. The complaint alleges that "unknown Police Officers" proceed to use unwarranted and excessive force on Plaintiff. *Id.* ¶ 1. The complaint further alleges that "Plaintiff is ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names." *Id.* ¶ 6.

After the incident, criminal charges were filed against A.C. Defendants' Opposition To Plaintiff's Motion For Leave To File An Amended Complaint ("Defs.' Opp."), 2:9. In the criminal case, A.C. filed a *Pitchess* motion requesting Defendant City of Santa Clara to produce police records pertaining to the officers involved. *Id*. 2:9-14. Defendants claim that the *Pitchess* motion included an incident report that identified all of the officers involved in the incident, and provided a detailed description of each officer's involvement. *Id*.

Plaintiff filed the pending motion for leave to file an amended complaint on February 25, 2014. Docket No. 28. The proposed amended complaint substitutes six officers, Mike Horn, Nathan Crescini, Josh Higgins, Frank Hagg, Troy Cardin, and Kurte Clarke of the City of Santa Clara Police Department for Defendant Does 1 through 6. Plaintiff's First Amended Complaint ("FAC"), ¶ 22. It alleges causes of action against them for a violation of civil rights under 42 U.S.C. § 1983, a violation of civil rights under California Civil Code § 52.1, negligence, intentional infliction of emotional distress, and assault and battery. FAC ¶¶ 37-39; 47-61.

The FAC alleges that Officer Horn and Officer Clarke devised and executed a plan where Officer Horn shot Plaintiff with rubber bullets. *Id*. ¶¶ 23, 24, 25. Officer Horn shot Plaintiff in the thigh and head, causing serious injury and rendering him unconscious. FAC ¶ 25. Officer Crescini then released a K9 unit on Plaintiff. *Id*. ¶ 26. Plaintiff was still unconscious, but Officer Crescini, Officer Hagg, and Officer Cardin stepped on his arms and legs and handcuffed him. *Id*. ¶ 27.

Defendants assert the statute of limitations expired on any state law personal injury claim on July 14, 2013, the day after Plaintiff filed the initial complaint. Defs.' Opp. 2:15-16. Defendants oppose the Motion for Leave to Amend the Complaint on two grounds. First, Defendants claim Plaintiff unduly delayed filing the Motion and Defendants would suffer prejudice. *Id*. 4:15-16. Second, Defendants claims the proposed amendment fails to satisfy the relation-back requirement of Federal Rule of Civil Procedure 15(c). *Id*. 4:11-14. They assert Plaintiff knew the identities of the proposed parties because he had the incident report which identified all the officers. *Id*. 2:9-14. Plaintiff's attorney declares that the facts giving rise to the amended allegations only became known to him in late January of 2014. Declaration of DeWitt M. Lacy In Support Of Plaintiff's Motion (Pl.'s Decl.), ¶ 7.

### III.   DISCUSSION

A.   Legal Standard

  1.   Rule 15(a) Standard

Rule 15(a)(1) permits a party to amend its pleading once as a matter of course within 21 days after serving it or 21 days after a responsive pleading or service of a motion under Rule 12. Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The policy favoring amendments is "applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Courts evaluate motions for leave to amend by considering whether there is bad faith, undue delay, prejudice to the opposing party, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

When weighing the factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Whereas, "'[d]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend.'" *Alzheimer's Inst. of Am. v. Elan Corp. PLC*, 274 F.R.D. 272, 277 (N.D. Cal. 2011) (citing *U.S. v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981)). "Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment." *Jewel v. National Security Agency*, 673 F.3d 902, 906-907 n.3 (9th Cir. 2011).

2.      Statute of Limitations:  the Government Claims Act

Under the California Government Claims Act, Gov. Code §§ 810 *et seq*. (also known as the "California Tort Claims Act"), prior to filing a personal injury suit for damages against a public entity or its employees, a plaintiff must present a written claim to the public entity.  *See* Cal. Gov. Code § 945.4 (public entity); *see also* Cal. Gov. Code § 950.2 (public employee).  The written claim must be presented within "six months after the accrual of the cause of action."  Cal. Gov. Code § 911.2(a).  After the public entity provides written notice rejecting the claim, Plaintiff must commence the suit within six-months.  Cal. Gov. Code § 945.6(a)(1) (repealed on other grounds by *Moore v. Twomey*, 120 Cal. App. 4th 910, 912 (2004)).

3.      Relation-Back:  Fed. R. Civ. P. 15(c) and Cal. Code Civ. Pro. § 474

As a general rule, "an amended complaint that adds a new defendant does not relate back to the date of filing the original complaint and the statute of limitations is applied as of the date the amended complaint is filed."  *Woo v. Superior Court*, 75 Cal. App. 4th 169, 176 (1999).  However, Rule 15(c) "allows an amended pleading to relate back to the time of the original filing in certain circumstances."  *San Jose Charter of The Hell's Angels Motorcycle Club v. City of San Jose*, CIV. 99-20022 SW, 1999 WL 1211672, at *6 (N.D. Cal. Dec. 6, 1999) *aff'd sub nom. San Jose Charter of Hell's Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962 (9th Cir. 2005).  Under Rule 15(c)(1)(A), an amendment to a pleading relates back to the date of the original pleading when "the law that provides the applicable statute of limitations allows relation back."  Fed. R. Civ. P. 15(c)(1)(A).

California Code of Civil Procedure Section 474 applies to state law claims brought in federal court to determine the statute of limitations period for naming Doe Defendants.  *See Lindley v. Gen. Elec. Co.*, 780 F.2d 797, 799-801 (9th Cir. 1986).  Under Section 474, "[w]hen the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint . . . and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly."  Cal. Code Civ. Pro. § 474. "[T]he amended complaint substituting a new defendant for a fictitious Doe defendant filed after the statute of limitations has expired is deemed filed as of the date the original complaint was filed."

*Woo*, 75 Cal. App. 4th at 176. "[A]n amendment to a complaint meeting the requirements of section 474 relates back to the date of filing of the original complaint in an action against a public employee or former public employee under the Tort Claims Act." *Olden v. Hatchell*, 154 Cal. App. 3d 1032, 1037 (1984).

Section 474 applies only if the plaintiff was "genuinely ignorant" of the defendant's identity at the time the original complaint was filed. *Woo*, 75 Cal. App. 4th at 177. When challenging a Plaintiff's alleged ignorance of an individual's identity, "Defendants bear the burden of establishing beyond doubt that as of the filing of the original complaint Plaintiffs actually knew the [individual's] identity." *Kubal v. Disc. Tire.com*, 12-CV-1398-IEG BGS, 2012 WL 3648607, at *3 (S.D. Cal. Aug. 23, 2012); *see Woods v. Asset Res.*, 106-CV-00398-SMS, 2006 WL 3782704, at *17 (E.D. Cal. Dec. 21, 2006) ("It has been held that it is the Defendant's burden to establish when Plaintiff actually knew of the identity.").

The plaintiff has "three years from the commencement of the action in which to discover the identity of the Doe defendant, to amend the complaint accordingly, and to effect service of the complaint." *Lindley v. Gen. Elec. Co.*, 780 F.2d 797, 799 (9th Cir. 1986); *see* Cal. Code Civ. Proc. § 583.210.

B.   Application

    1.   Undue Delay and Prejudice Factors

Defendants contend that Plaintiff unduly delayed seeking leave to amend. Plaintiff filed his complaint on July 13, 2013 and filed this motion February 25, 2014. Defs.' Opp. 2:15-24. This seven-month period is not a delay that warrants denial of the Motion. *See, e.g., Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (reversing the lower court's decision denying leave to amend based on a five year delay and stating "we know of no case where delay alone was deemed sufficient grounds to deny a Rule 15(a) motion to amend"); *see also, e.g., Morongo*, 893 F.2d at 1079 ("The delay of nearly two years, while not alone enough to support denial, is nevertheless relevant.").

Defendants also contend they would suffer prejudice because their defense has been predicated on a case involving only entity and official-capacity defendants. Defs.' Opp. 5:17-18.

5

1 However, Defendants likely knew that Plaintiff would seek to substitute the Santa Clara police
2 officers because their actions are described in the complaint. *See* Compl. ¶¶ 6, 18, 19. Furthermore,
3 as discussed below, on the face of the complaint relation back applies. In addition, the parties have
4 engaged in limited discovery and no trial date has been set. *See DCD Programs, Ltd. v. Leighton*,
5 833 F.2d 183, 187 (9th Cir. 1987) (finding an amendment to add a party not prejudicial when there
6 was no trial date set and the case was still in the discovery stage). Thus, the Court finds that the
7 Defendants and the six proposed officers will not suffer prejudice.

2. <u>Futility: Statute of Limitations</u>

Defendants argue A.C.'s amendment is futile because the statute of limitations has expired. Defs.' Opp. 3:19-22. There is no dispute that Plaintiff timely filed the claim required under the Government Claims Act. During the hearing, Defendants stated that Plaintiff's claim was rejected on February 14, 2013.[1] Under Cal. Gov. Code § 945.6(a)(1), Plaintiff had six months, until August 14, 2013, to institute an action. Defendants do not dispute that Plaintiff timely filed the initial complaint. However, this motion to add the six officers as defendants was brought on February 25, 2013, six months after August 14, 2013.

Nonetheless, Plaintiff's proposed amendment is not futile because it relates back under 15(c)(1)(A) and Cal. Code Civ. Pro. § 474. The complaint satisfies the requirements of Section 474. The complaint states that Plaintiff was ignorant of the name of the Doe Defendants. Compl. ¶ 6. That fact is expressed in the complaint which lists the City of Santa Clara Police Officers as "unknown" and explicitly refers to "Unknown Defendant CITY OF SANTA CLARA Police Officers" when describing the six proposed officers' actions. Compl. ¶¶ 18, 19. Thus, Plaintiff's proposed amendment is timely under either Cal. Gov. Code § 945.6(a)(1) or Cal. Code Civ. Proc. § 583.210 (Plaintiff has three years from the time the complaint is filed to effectuate service on the six officers). *See Lindley*, 780 F.2d at 799 (holding that the plaintiff has "three years from the commencement of the action in which to discover the identity of the Doe defendant, to amend the complaint accordingly, and to effect service of the complaint").

---

[1] In their opposition, Defendants state that Plaintiff's claim was rejected on January 14, 2013. Defs.' Opp. at 2 n.1.

6

Defendants assert that Section 474 is not satisfied because Plaintiff knew the six officers' identities given the *Pitchess* motion filed by Plaintiff's criminal defense counsel, that motion included the incident report which "identified all of the individual officers involved in the incident, and provided a detailed description of each officer's involvement." Defs.' Opp. at 2. During the hearing, however, Plaintiff's counsel stated that he was not Plaintiff's defense counsel in the criminal action and did not know the officers' identities until January 2014. *See also* Pl.'s Decl. ¶ 7. Any attempt to impute Plaintiff's criminal defense counsel's knowledge of the officers' names to Plaintiff, who was and is a minor, cannot be sustained without better evidence that Plaintiff had actual knowledge. The Defendants have not established "beyond doubt that as of the filing of the original complaint Plaintiff[] actually knew the [six officers'] identit[ies]." *Kubal*, 12-CV-1398-IEG BGS, 2012 WL 3648607, at *3.

### IV.   CONCLUSION

Thus, the Court **GRANTS** A.C.'s motion for leave to file an amended complaint. Plaintiff's proposed First Amended Complaint is deemed filed.

This disposes of Docket No. 28.

IT IS SO ORDERED.

Dated:  April 28, 2014

_____
EDWARD M. CHEN
United States District Judge

7