United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.C.,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF SANTA CLARA, et al.,<br><br>  Defendants. | Case No. 13-cv-03276-HSG<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 66 |

On March 17, 2015, the parties filed a joint discovery letter regarding a dispute over the discoverability of a memorandum authored by Officer Nathan Crescini ("Crescini") in connection with an earlier case. Dkt. No. 66. Defendant City of Santa Clara ("City") has declined to produce the requested memorandum, contending that it is protected by the attorney–client privilege and the work–product doctrine. *Id.* 3-4. On March 20, 2015, the Court ordered Defendants to submit the memorandum in question, and transcripts of two depositions of Crescini, for *in camera* review. Dkt. No. 67. On March 24, 2015, Defendant submitted the requested materials, along with another memo authored by Crescini about the same incident that already has been produced in this case. On April 20, 2015, after reviewing the materials *in camera*, the Court ordered the parties to submit supplemental materials relevant to the privilege analysis. Dkt. No. 70. The parties submitted these supplemental materials on April 24, 2015.

Having reviewed the joint discovery letter submitted by the parties, the supplemental briefing, and the materials submitted for *in camera* review, the Court finds that the memorandum is shielded from production by the attorney–client privilege and is appropriately withheld on that ground.

**Background**

The materials submitted *in camera* establish that after receiving an administrative claim

from James Weaver in March of 2013, Assistant City Attorney Julia Hill forwarded the claim to City's claims handling agent Rodger Hayton pursuant to City's procedure for investigating claims anticipated to result in litigation. Under that procedure, the involved City department provides a response to an "Internal Claim Memorandum" ("ICM") requesting information pertinent to City's evaluation of the anticipated litigation. Pursuant to this procedure, Mr. Hayton sent an ICM to the Santa Clara Police Department ("Department") under the heading "Privileged and Confidential in Anticipation of Litigation." The ICM, sent to the attention of Department's chief, asked Department to provide certain information pertinent to the claim, and directed Department to send the response directly to the City Attorney's Office with a copy to the claims handling company.

Ms. Hill was directly involved in the investigation of the Weaver claim, and had telephone and email communications with Department staff regarding the investigation. A Department officer then provided a response to the ICM to Ms. Hill under the heading "Internal Claim Memorandum Response -- Privileged and Confidential In Anticipation of Litigation." The Crescini memorandum was included in the ICM response.

**Discussion**

The attorney-client privilege protects confidential communications between attorneys and clients made for the purpose of giving legal advice. *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981). In the institutional context, the attorney-client privilege extends to communications made by employees to counsel "at the direction of . . . superiors in order to secure legal advice from counsel." *Upjohn*, 449 U.S. at 394; *United States v. Jicarilla Apache Nation,* 131 S. Ct. 2313, 2321 (2011) ("Unless applicable law provides otherwise, the Government may invoke the attorney-client privilege in civil litigation to protect confidential communications between Government officials and Government attorneys.") (internal quotation marks and citations omitted); Restatement (Third) of Law Governing Lawyers § 74 (2000), Comment b, p. 574 ("[G]overnmental agencies and employees enjoy the same privilege as nongovernmental counterparts"). This includes communications made by a lower or midlevel employee at the direction of a supervisor, where the supervisor is acting at the direction of counsel and collecting information necessary to the provision of legal advice. *Upjohn*, 449 U.S. at 391.

Here, the record establishes that the Crescini memorandum was prepared and provided to Assistant City Attorney Hill for the purpose of enabling her to evaluate anticipated litigation and advise City accordingly. As a result, the Court finds that the memorandum is protected from disclosure under the attorney-client privilege.

Plaintiff also argues that City waived any privilege attaching to the memorandum because Crescini "relied upon the document to prepare for and during his deposition." *See* Dkt. No. 66 at 3. Under Federal Rule of Evidence 612, when a witness uses a document to refresh his memory *while testifying*, the adverse party is entitled to inspect the document, introduce relevant portions into evidence, and cross examine the witness about the document. Fed. R. Evid. 612. Where a party only uses the document to refresh his memory before testifying, however, the Court has discretion to order its production "if justice so requires." *Id.* Having reviewed Crescini's deposition transcripts from both the Weaver matter and this case, the Court finds no evidence that Crescini used the document while testifying, and further finds that justice does not require disclosure of this privileged document under these circumstances under Rule 612.

For these reasons, Plaintiff's motion to compel is DENIED. [1]

**IT IS SO ORDERED.**

Dated: June 24, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] Because the attorney-client privilege issue is dispositive, the Court does not reach the attorney work product issue.