UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.C.,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF SANTA CLARA, et al.,<br><br>        Defendants. | Case No. 13-cv-03276-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO SEAL**<br><br>Re: Dkt. No. 76 |

On May 28, 2015, Defendants City of Santa Clara, Mike Horn, Nathan Crescini, Josh Higgins, Frank Hagg, Troy Cardin, and Kurt Clarke (collectively, "Defendants") filed an administrative motion to file under seal certain exhibits attached to their motion for summary judgment. Dkt. No. 76 ("Mot."). The time to file an opposition to the motion to seal has passed.

**I.    LEGAL STANDARD**

"[A] 'compelling reasons' standard applies to most judicial records. This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7). "[A] 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, the party seeking to seal a judicial record related to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178-79 (internal citations, quotation marks, and alterations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing

court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base it decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179. Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law. . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179–80 (internal quotation marks omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Because Defendants' motion for summary judgment is a dispositive motion, the Court applies the "compelling reasons" standard to Defendants' request to file certain exhibits attached to that motion under seal.

## II. DISCUSSION

Defendants base their motion to seal on the contention that "[t]he exhibits meet the definition of 'confidential' documents as defined in the protective order, as they are juvenile court records[,] . . . medical and mental health records from when [Plaintiff A.C.] was a minor[,] and confidential cell phone records containing information about Plaintiff A.C. when he was a minor as well as third party minors." Mot. at 2. Defendants seek to redact the entirety of the exhibits.

The fact that all of the exhibits at issue here are "confidential" under the terms of the protective order does not excuse Defendants from fully complying with Civil Local Rule 79-5 when seeking to file documents under seal. *See* Dkt. No. 36 ¶ 1 ("The parties further acknowledge . . . that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 set[s] forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal."). As to exhibits A (police reports), B (cell phone records), and H (police officer training records), the Court finds that Defendants have not carried their burden of articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178. Furthermore, the proposed redaction of exhibits A, B, and H in their entirety does not appear "narrowly tailored" to seal only sealable material, as required by Civil Local Rule 79-5. The Court therefore DENIES the motion as to exhibits A, B, and H. Defendants may file an amended motion to seal those exhibits that comports with the above-described requirements. The Court encourages Defendants to cite to specific case law in support of any amended request to seal. If Defendants do not file an amended motion, the Court will not consider exhibits A, B, and H unless unredacted versions are filed within seven days of the date of this Order. *See* Civ. L.R. 79-5(f)(2).

As to exhibits L (medical records) and P (juvenile court records), however, the Court finds that compelling confidentiality concerns outweigh the presumption of public access to court records. *See Ray v. Basa*, No. 11-cv-02923-YGR, 2014 WL 2569040, at *2 (N.D. Cal. May 7, 2014) (granting motion to file juvenile court records under seal); *San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. 10-cv-02258-SBA, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10,

1  2011) (finding that confidentiality of medical records under the Health Insurance Portability and
2  Accountability Act of 1996 outweighed *Kamakana* presumption in favor of public access to court
3  records).  Accordingly, the Court GRANTS the motion to seal as to exhibits L and P.

4  **IT IS SO ORDERED.**

5  Dated: 7/2/2015

*Haywood S. Gilliam, Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge