UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

A.C.,

        Plaintiff,

   v.

CITY OF SANTA CLARA, et al.,

        Defendants.

Case No. 13-cv-03276-HSG

**ORDER DISMISSING CASE**

    The Court ruled on Defendants' motion for summary judgment on September 14, 2015. Dkt. No. 112. That ruling dismissed many of Plaintiff's claims, leaving only one federal claim for trial. The next day, Defendant Crescini appealed the denial of summary judgment as to that sole remaining federal claim. Dkt. No. 114.

    On October 6, 2015, the parties filed a joint dismissal agreement in the Ninth Circuit under Federal Rule of Appellate Procedure 42(b). *A.C. v. Nathan Crescini*, Case No. 15-16862 (9th Cir., Oct. 6, 2015), Dkt. No. 5. On October 15, 2015, the Court of Appeals construed the joint dismissal agreement as a joint motion to dismiss the appeal and granted the motion. *Id.* at Dkt. No. 6. The same day, the parties filed a joint stipulation in this Court requesting dismissal of the remaining Section 1983 claim with prejudice under Federal Rule of Civil Procedure 41(a). Dkt. No. 134.

    Under the Ninth Circuit's holding in *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005), the Court construes the parties' joint stipulation as a stipulation to amend the complaint under Federal Rule of Civil Procedure 15(a). So construed, the Court GRANTS the parties' stipulation to amend the Complaint to dismiss with prejudice Plaintiff's First Cause of Action against Defendant Nathan Crescini for violation of 42 U.S.C. Section 1983.

    As a result of this amendment, all of Plaintiff's remaining claims arise solely under

1  California law.  A district court may decline to exercise supplemental jurisdiction if it has
2  dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3); *Sanford v.*
3  *MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010).  "[I]n the usual case in which all federal-
4  law claims are eliminated before trial, the balance of factors to be considered under the pendent
5  jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward
6  declining to exercise jurisdiction over the remaining state-law claims." *Sanford*, 625 F.3d at 561
7  (citations omitted).

8  Because all of Plaintiff's federal claims have been dismissed, the Court declines to assert
9  supplemental jurisdiction over his pendent state law claims and dismisses those claims without
10 prejudice.  28 U.S.C. § 1367(c)(3); *Santos v. L.A. Cnty. Dep't of Children & Family Servs.*, 200
11 Fed. Appx. 681, 683 (9th Cir. 2006) (holding that district court acted within its discretion in
12 declining to exercise supplemental jurisdiction over the pendent state law claims after granting
13 motion to dismiss all federal claims).

14 The Clerk is directed to close the file.

15 **IT IS SO ORDERED.**

16 Dated:  October 15, 2015

17 _____
   HAYWOOD S. GILLIAM, JR.
18 United States District Judge

2